UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LORRAINE N.,

                                                                                                     <u>DECISION AND ORDER</u>

                       Plaintiff,

                                                                                                      20-CV-0913L

              v.

KILOLO KIJAKAZI,
Commissioner of Social Security,

                       Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

On June 29, 2016, plaintiff, then fifty-four years old, filed an application for disability insurance benefits under Title II of the Social Security Act, alleging an inability to work since March 14, 2014. (Administrative Transcript, Dkt. #11 at 19). Her application was initially denied. Plaintiff requested a hearing, which was held on November 30, 2018 before Administrative Law Judge ("ALJ") Marilyn D. Zahm. The ALJ issued a decision on February 7, 2019 concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #11 at 19-34). That decision became the final decision of the Commissioner when the Appeals Council denied review on February 10, 2020. (Dkt. #11 at 5-7). Plaintiff now appeals.

The plaintiff has moved for judgment remanding the matter for the calculation and payment of benefits (Dkt. #14), and the Commissioner has cross moved (Dkt. #16) for judgment on the

pleadings, pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is granted in part, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records, which reflect treatment for bipolar depression, anxiety, post-traumatic stress disorder, asthma, a spine disorder, and right knee arthritic pain, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #11 at 22). Applying the special technique for mental impairments, the ALJ concluded that plaintiff is mildly limited in understanding, remembering, and applying information, moderately limited in social interaction, mildly limited in concentrating, persisting, and maintaining pace, and moderately limited in adapting or managing herself. (Dkt. #11 at 24-25).

Upon consideration of the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform work at the medium exertional level – defined as requiring the ability to lift up to fifty pounds at a time, with the frequent lifting and carrying of objects weighing up to twenty-five pounds – but can no more than occasionally bend or kneel. Plaintiff cannot walk for more than two hours at a time, and can no more than occasionally be exposed to

dusts, fumes, and excessive airborne irritants. Finally, plaintiff can have only incidental contact with the public, and must avoid complex work. (Dkt. #11 at 26).

Given this RFC, vocational expert Gerald W. Keating testified that plaintiff could not return to her past relevant work as a stock checker and cashier, but could perform the representative unskilled, medium exertion positions of salvage laborer and dietary aide. (Dkt. #8-2 at 24-25).

I find that the evidence of record does not support the ALJ's findings concerning the nature and extent of plaintiff's exertional limitations. The ALJ's determination that the plaintiff was not disabled was not supported by substantial evidence, and remand for further proceedings is necessary.

I. **The ALJ's Exertional RFC Finding**

Plaintiff does not appear to challenge the ALJ's assessment of plaintiff's non-exertional limitations, but argues that the ALJ's finding that plaintiff can perform work at the "medium" exertional level is not supported by substantial evidence. Specifically, plaintiff argues that there is "no evidence" that plaintiff can perform medium exertion tasks such as lifting up to fifty pounds at a time, with frequent lifting and carrying objects up to twenty-five pounds.

The Court concurs. The record does not contain any objective opinion with respect to plaintiff's specific lifting and carrying abilities. To the extent that the record does contain evidence of plaintiff's strength, it is limited to the assessment of consulting physician Dr. Hongbiao Liu, who was the only medical source who rendered an opinion as to plaintiff's physical RFC. In his objective findings, Dr. Liu assessed decreased lumbar spinal range of motion, but otherwise noted normal gait, strength, and reflexes in all extremities. He opined that plaintiff had a "mild to moderate" limitation for "prolonged walking, bending and kneeling," and should avoid respiratory irritants. (Dkt. #11 at 392-95).

Dr. Liu's finding that plaintiff had full or "5/5" strength in her extremities does not comprise substantial evidence that plaintiff was able to perform the exertional requirements of medium work. As other courts have noted, "a person without any medically recognizable impairments may be unable to lift and carry" fifty pounds or more, particularly where they are "of advanced age," *Fraser v. Commissioner*, 2013 U.S. Dist. LEXIS 164702 at *15-*16 (E.D. Cal. 2013), and a physician's finding that a claimant's strength is "normal" or "5/5" does not mean that the claimant "had the *maximum* strength humanely possible": an assessment of full strength is simply "too vague" to comprise substantial evidence in support of an ALJ's conclusion that a claimant can lift and carry large amounts of weight. *Catalano v. Berryhill*, 2018 U.S. Dist. LEXIS 207133 at *23-*24 (S.D.N.Y. 2018) (ALJ erred in using objective assessments of full strength to find that a sixty-year-old claimant could lift and carry 50 pounds frequently and 100 pounds occasionally). *See also Kaitlyn S. v. Commissioner*, 2021 U.S. Dist. LEXIS 169599 at *14-*15 (W.D.N.Y. 2021) (ALJ erred in determining that plaintiff could perform work at all exertional levels, where there was no record evidence or medical opinion to support the implicit conclusion that the plaintiff was capable of lifting, e.g., objects weighing 50-100 pounds).

Here, plaintiff was a fifty-two-year-old woman who was "closely approaching advanced age," on the alleged disability onset date, and had reached "advanced age" by the time of her hearing. Her severe impairments, as determined by the ALJ, included right knee arthritis and a spinal disorder, which Dr. Liu opined, and the ALJ concurred, caused at least some postural and exertional limitations, including a limitation to no more than occasional kneeling or bending, and the inability to walk for more than two hours at a time. (Dkt. #11 at 22). Plaintiff's age, and the nature of her physical impairments, tend to undermine the ALJ's implicit presumption that she was capable of lifting and carrying up to fifty pounds, even at "full" strength.

Nor do plaintiff's prior work or her activities of daily living lend support to the ALJ's findings. Plaintiff's decades of past relevant work in the retail setting (Dkt. #11 at 215), to which the ALJ found she could not return due to her inability to have more than incidental contact with the public, consisted solely of "light" exertion positions such as apparel stock checker, cashier checker, and cashier team leader. (Dkt. #11 at 32). Although plaintiff did not answer questions during her hearing about the specific number of pounds she could lift, she indicated that walking while carrying even light items, such as a two-foot stack of clothing, would cause her back to spasm and "go out." (Dkt. #11 at 57, 60). The daily activities to which plaintiff testified – driving, attending doctor's appointments, visiting with family members, watching television, and performing light housework such as washing dishes and sweeping the floor – likewise do not suggest the ability to lift and carry heavy objects. (Dkt. #11 at 45, 51-52).

Given the dearth of evidence of record that plaintiff could perform the significant lifting and carrying requirements of work at the "medium" exertional level despite her age and the symptoms associated with her severe spinal and arthritic impairments, the ALJ's RFC finding was not supported by substantial evidence. Nor can the ALJ's error be considered harmless: not only did the Commissioner rely solely on medium-exertion jobs to meet her burden to show that there were other positions in the economy that plaintiff could perform, but application of the Medical-Vocational Guidelines (the "Grids") to an individual of plaintiff's age and work history could, particularly for the period in and after she reached advanced age, possible direct a finding of "disabled" in the event plaintiff is limited to light or sedentary work.

Plaintiff requests remand of this matter for the calculation and payment of benefits. However, this is not a case where the record shows such convincing proof of disability that remand

would serve no purpose. Remand is therefore necessary, in order to obtain and consider additional evidence upon which plaintiff's claim can be redetermined.

Having found that remand is appropriate, the Court declines to reach plaintiff's alternative argument, that the ALJ should have considered plaintiff's part-time work during certain portions of the relevant period as a series of unsuccessful work attempts, rather than as substantial gainful activity.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was not supported by substantial evidence. The plaintiff's motion for judgment on the pleadings (Dkt. #14) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #16) is denied. The Commissioner's decision that plaintiff is not disabled is reversed, and the matter is remanded for further proceedings, including but not limited to the obtainment and review of additional evidence concerning plaintiff's exertional capacity, and the issuance of a new decision.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
    October 20, 2021.